## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JANEAL LOVE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:22-cv-1054-JAR-KGG |
| | ) | |
| CARBANC AUTO SALES | ) | |
| & SERVICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER ON MOTION TO PROCEED WITHOUT
PREPAYMENT OF FEES AND REPORT & RECOMMENDATION FOR
DISMISSAL**

In conjunction with her federal court Complaint (ECF No. 1), Plaintiff Janeal Love

has also filed a Motion to Proceed Without Prepayment of Fees ("*In Forma Pauperis*

application," ECF No. 3, sealed) with a supporting financial affidavit (ECF No. 3-1).

After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the

*Informa Pauperis* application (ECF No. 3) and **RECOMMENDS** Plaintiff's claims be

**dismissed** for lack of subject-matter jurisdiction.

**A. Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an

action without prepayment of fees, costs, *etc.*, by a person who lacks financial means. 28

U.S.C. § 1915(a). "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a

right—fundamental or otherwise.' " *Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL

1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233

(10th Cir. 1998)). The decision to grant or deny *in forma pauperis* status lies within the

sound discretion of the court. *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary

to ensure that the courts are available to all citizens, not just those who can afford to pay.

*See Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007). In construing the application

and affidavit, courts generally seek to compare an applicant's monthly expenses to

monthly income. *See Patillo v. N. Am. Van Lines, Inc.*, No. 02-cv-2162, 2002 WL

1162684, at *1 (D. Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229-JWL,

2000 WL 1025575, at *1 (D. Kan. July 17, 2000) (denying motion because "Plaintiff is

employed, with monthly income exceeding her monthly expenses by approximately

$600.00").

In the supporting financial affidavit, Plaintiff indicates she is 27 and single (ECF

No. 3-1, sealed, at 1). Plaintiff lists a modest income with financial responsibilities such

as supporting three children and making house payments. She lists only a minimal

amount of cash on hand and owns no real property and does not own an automobile.

Considering the information contained in her financial affidavit, the Court finds that

Plaintiff has established that her access to the Court would be significantly limited absent

the ability to file this action without payment of fees and costs. The Court

thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (ECF No. 3, sealed).

**B. Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The court also has an obligation to ensure it has subject matter jurisdiction to hear and resolve the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when authorized. *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3892243, at *3 (D. Kan. Sept. 29, 2010), *aff'd,* 420 F. App'x 854 (10th Cir. 2011). When it becomes apparent that subject matter jurisdiction is lacking, the Court must dismiss the case regardless of the stage of the proceeding. *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1124–25 (D. Kan. 2016). The court has a duty to raise and resolve issues of subject matter jurisdiction, even if no party has objected to the exercise of jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006).

The court construes allegations from a *pro se* plaintiff liberally. *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). In her complaint, she alleges breach of contract stemming from auto repair work done by Carbanc auto sales and service. (*Complaint*, ECF No. 1). Plaintiff alleges they agreed to repair her car's transmission; however, a subsequent inspection revealed the transmission was faulty. She also alleges

3

jurisdiction based upon 28 U.S.C. § 1332 in that the case arises because of diversity of citizenship between the plaintiff and defendant.

Plaintiff has the burden of demonstrating subject matter jurisdiction exists for her to proceed in federal court. *U.S. ex rel. Eaton v. Kansas Healthcare Invs., II, L.P.*, 22 F. Supp. 2d 1230, 1236 (D. Kan. 1998). Here, even a liberal reading of Plaintiff's pleading fails to establish subject matter jurisdiction based on diversity of the parties, 28 U.S.C. § 1332, or based on the presentation of a federal question, 28 U.S.C. § 1331. Diversity jurisdiction is present when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 (exclusive of interests and costs). 28 U.S.C. § 1332. *See also Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("Diversity jurisdiction requires complete diversity— no plaintiff may be a citizen of the same state as any defendant.").

Plaintiff's complaint does not support diversity jurisdiction because it alleges both the plaintiff and defendant are citizens of Kansas. (ECF No. 1, at 3).[1] Accordingly, the magistrate judge **recommends** to the district judge that Plaintiff's complaint be **dismissed** for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (ECF No. 3) is **GRANTED**.

---

[1] Plaintiff's complaint also does not allege an amount in controversy that exceeds $75,000. *See* ECF No. 1, at 4.

IT IS RECOMMENDED to the District Court that Plaintiff's Complaint be DISMISSED for lack of subject matter jurisdiction. The Clerk's office shall not proceed to issue summons in this case.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 2nd day of March 2022.

/S KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge